IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. WEDGEWORTH,

    Petitioner,                    No. CIV S-07-1131 FCD DAD P

    vs.

SALINAS VALLEY STATE PRISON, et al.,

                                 ORDER AND

    Respondents.            FINDINGS AND RECOMMENDATIONS

/

        Petitioner is a state prisoner proceeding pro se. On July 27, 2007, the court ordered petitioner to submit the filing fee or an application requesting leave to proceed in forma pauperis, and an amended habeas petition.[1] Petitioner was also advised that failure to comply with the court's order would result in the dismissal of this action.

        Petitioner has filed an application requesting leave to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the

---

[1] The court granted leave to file an amended petition because it was difficult to determine the nature of petitioner's claims. Petitioner was ordered to use the form petition provided by the court and was also advised that a habeas action is the appropriate vehicle by which to challenge the fact or duration of his custody. Finally, petitioner was advised regarding the exhaustion requirement applicable in federal habeas proceedings.

1

1  costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28
2  U.S.C. § 1915(a).
3         Following the court's July 27, 2007 order, petitioner has filed several documents
4  which further confuse rather than clarify the nature of the claims he wishes to present in this
5  action as well as the relief he seeks.  In this regard, on August 14, 2007, petitioner filed page
6  four of the form habeas petition on which he wrote only two statements:  "On 7/27/07 the
7  enclosed envelope was open prior to clients (petitioners presence)" and, under "Supporting
8  facts," petitioner has written "The enclosed envelope seal (tape) can easily be sealed & unsealed
9  (inferior)."
10         On August 23, 2007, petitioner filed page two of the form petition.  The entire
11 page is blank except for the case file number.  Petitioner attached to that page the following
12 documents: an "Inmate/Parolee Appeal Rejection Form," which is an inmate appeal form
13 concerning law library hours; two inmate request for interview forms; the order by the U.S. Court
14 of Appeals transferring petitioner's case to this court; the first-level decision on petitioner's
15 inmate appeal requesting brighter lighting in his cell dated May 17, 2007; and a medical release
16 form.  There is no explanation why these documents were submitted to the court by petitioner.
17         On September 12, 2007, petitioner filed a hand-written document titled,
18 "Amended Petition," in which he requests the appointment of counsel.  To that document
19 petitioner attached the following documents:  an inmate pass for two-hours at the law library; a
20 copy of this court's July 27, 2007 order; the second page of the form habeas petition which is
21 blank except for the case number; a rules violation report dated August 23, 2005, for "Refusing
22 To Lockup for Fog [sic] Count;" and another copy of the medical release form previously
23 submitted.
24         The court finds that petitioner has not complied with the court's July 27, 2007
25 order.  Despite the filing of several documents and exhibits, petitioner has not identified the state
26 /////

court judgment of conviction or prison disciplinary action that he is seeking to challenge. Moreover, petitioner has failed to file a proper and complete form habeas petition.

As to petitioner's request for the appointment of counsel, there currently exists no absolute right to such appointment in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis, filed on September 12, 2007, is granted; and

2. Petitioner's September 12, 2007 request for appointment of counsel, filed with his "Amended Petition," is denied.

Also, IT IS HEREBY RECOMMENDED that this action be dismissed due to petitioner's failure to comply with the court's July 27, 2007 order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 20, 2008.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
wed1131.156

3