IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. WEDGEWORTH,

             Petitioner,                   No. CIV S-07-1131 FCD DAD P

    vs.

SALINAS VALLEY STATE PRISON
et al.,

             Respondents.           <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Despite numerous opportunities, as set forth below, petitioner has failed to file a proper amended petition.

        On July 27, 2007, the court issued an order advising petitioner that upon review of his habeas petition, the court was unable to determine the nature of his claims and whether he was challenging a conviction, disciplinary action or some other action.  Petitioner was also advised about the exhaustion requirement and was granted leave to file an amended petition within thirty days.  (Court Doc. No. 4.)  Subsequently, petitioner filed numerous documents, including a document titled, "Amended Petition."   On February 21, 2008, the court filed findings and recommendations recommending that the action be dismissed due to petitioner's failure to

1

comply with the court's prior order that he identify the conviction or prison disciplinary action he was seeking to challenge.  (Court Doc. No. 11.)  After petitioner filed objections to the findings and recommendations, on March 25, 2008, the court granted petitioner an additional fifteen days to file an amended petition in compliance with the court's order.  On May 14, 2008, the court granted petitioner's request for an extension of time and ordered petitioner to file his amended petition within thirty days.  On June 23, 2008, the court ordered petitioner to file his amended petition within thirty days.[1]

Instead of filing his amended petition, on July 7, 2008, petitioner filed a document styled, "Ex Parte Injunction Per Habeas Corpus."  This document is a disjointed and confusing assertion of rights, demand for a restraining order on a nurse at the California Medical Facility, and claim that documents concerning the receipt of his personal property have been forged. (Court Doc. No. 22.)  On July 22, 2008, petitioner filed a copy of the court's notice of electronic filing and wrote a note directed to the Clerk of the Court.  Again, the note is confusing and states in part:  "The Los Angeles Superior Court offered to grant a request of assistance but, need the case no. offense sentence OTE.  Court would you be able to return that info. or can that info. be down loaded live on e.file [sic]?"  (Court Doc. No. 24.)

In light of petitioner's failure to file his amended habeas petition despite numerous opportunities to do so, the court will recommend that this action be dismissed due to petitioner's failure to comply with the court's orders.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.  See Local Rule 11-110; Fed. R. Civ. P. 41(b)

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

---

[1]  In the court's June 23, 2008 order, the court vacated the judgment which was entered in error on May 20, 2008, and directed the Clerk of the Court to reopen this action.  Concurrently, the court granted petitioner an additional thirty days to file his amended petition.

1   days after being served with these findings and recommendations, petitioner may file written

2   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

3   Findings and Recommendations."  Petitioner is advised that failure to file objections within the

4   specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

5   F.2d 1153 (9th Cir. 1991).

6   DATED: September 5, 2008.

7

8   _____

9   DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

10  DAD:4
    wedg1131.fta

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26